UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OBERWIL CORP.,<br><br>      Plaintiff,<br><br>v.<br><br>366–394 WILSON AVE, LLC, *et al.*,<br><br>      Defendants. | Case No. 21–cv–13469–CCC–ESK<br><br>REPORT AND RECOMMENDATION |

**KIEL**, U.S.M.J.

    **THIS MATTER** is before this Court on plaintiff's motion to remand (Motion) this action to the Superior Court of New Jersey, Essex County (State Court). (ECF No. 12.) Plaintiff is also seeking costs and expenses as a result of defendants'[1] allegedly improper removal. (*Id.*) Defendants filed a joint opposition to the Motion (ECF No. 19), to which plaintiff filed a reply (ECF No. 23). For the following reasons, I recommend that the Motion be **GRANTED in part and DENIED in part**.

### FACTUAL BACKGROUND[2]

    In August 2019, plaintiff contracted with Wilson Ave for the sale of commercial property located at 366–394 Wilson Avenue, Newark, New Jersey

---

[1] Plaintiff named the following parties as defendants: (1) 366–394 Wilson Ave, LLC (Wilson Ave); (2) Salomone Bros., Inc. (SBI); (3) Environmental & Geotechnical Services, LLC (EGS); (4) Joseph Salomone; and (5) John Lynch. (ECF No. 1-1 ¶¶4–9.) No appearance has been entered for Joseph Salomone and John Lynch as of this date. The notice of removal was filed by SBI and EGS. (ECF No. 1.)

[2] In deciding a motion to remand, a court "focus[es] on the plaintiff's complaint at the time the petition for removal was filed," and "must assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809

(Property).³   (ECF No. 1-1 ¶¶ 13, 20.)   The contract provided Wilson Ave with a 60 day due diligence period "to perform standard acquisition-related tests, investigations, site inspections and any other things … necessary with respect to the [Property]."⁴   (*Id.* ¶ 22 (internal quotation marks omitted).)   Upon Wilson Ave's request, plaintiff agreed to extend the due diligence period until August 9, 2020.   (*Id.* ¶ 24.)

Although in October 2019 plaintiff informed Wilson Ave that coordination with the EPA was required before any work on the Property is performed, Wilson Ave failed to contact the EPA.   (*Id.* ¶¶ 43, 44.)   On December 17, 2019, Wilson Ave was "summoned to and met with the [EPA] to discuss [its] unlawful … actions."   (*Id.* ¶ 49.)   At the meeting, Wilson Ave "admitted to unlawful and unauthorized actions taken including importing of fill and materials on the Property from the [contaminated] neighboring … site …, clearing and dredging of wetlands, [and] taking [p]laintiff's goods and things from the Property."   (*Id.* ¶¶ 51, 52.)   However, after the meeting, Wilson Ave continued to "conduct[] unauthorized and unlawful activities" at the Property.   (*Id.* ¶¶ 55–57.)

On July 21, 2020, the New Jersey Department of Environmental Protection (NJDEP) issued a Notice of Violation to plaintiff and Wilson Ave "for the spill and contamination at the [P]roperty."   (*Id.* ¶ 58.)   On August 6, 2020, Wilson Ave terminated its contract with plaintiff for the sale of the Property.   (*Id.* ¶ 60.)

---

F.2d 1006, 1010 (3d Cir. 1987).   Additional facts raised by defendants will, therefore, not be considered.

³ In 2014, the United States Environmental Protection Agency (EPA) designated the area "border[ing]" the Property as a "Superfund" site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C §§ 9601–9675 (CERCLA). (*Id.* ¶ 16.)   These bordering areas "were contaminated with mercury polychlorinated biphenyls …, lead and other hazardous materials."   (*Id.* ¶ 34.)

⁴ Wilson Ave hired EGS "as an environmental consultant."   (*Id.* ¶ 40.)   EGS "engaged in extensive invasive environmental testing and analysis at the Property."   (*Id.* ¶ 28.)

While Wilson Ave told plaintiff that it would need "to continue to access the Property [to] complet[e] the removal of … soil piles," plaintiff alleges that "[d]efendants have made no effort to undertake remediation of the Property in accordance with EPA and NJDEP requirements or direction, nor restore the damage [d]efendants caused." (*Id.* ¶¶ 60, 61.)

## PROCEDURAL HISTORY

To recover damages from defendants alleged "unlawful actions and breach" of contract, plaintiff filed this action in State Court on May 14, 2021. (*Id.* ¶ 1.) Plaintiff's six-count complaint includes the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 *et seq.* (Spill Act); (4) negligence; (5) interference with prospective economic advantage; and (6) conversion. (*Id.* pp. 17–23.)

On July 8, 2021, SBI and EGS removed this action pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Although SBI and EGS recognize in their notice of removal that plaintiff does "not specifically invoke[]" any federal claims, they claim that plaintiff's requests for "costs of clean-up and remediation" implicitly trigger the application of CERCLA. (*Id.* ¶ 17.) The notice of removal provides that the Court may exercise supplemental jurisdiction as to plaintiff's state law claims. (*Id.* ¶ 18.)

## THE MOTION

Plaintiff argues that because defendants have failed to meet their "heavy burden" of demonstrating the existence of federal question jurisdiction, the Motion should be granted and this action should be remanded to the State Court. (ECF No. 12-1 p. 7.) Plaintiff notes that under the well-pleaded complaint rule, "the causes of action in [its] [c]omplaint are all New Jersey state law causes of actions, arising under state law." (*Id.* p. 23.) Plaintiff, while recognizing that it could have potentially raised federal claims, argues that it chose not to do so "as

3

the master of the [c]omplaint." (*Id.* p. 26.) Since no federal question appears "squarely within the four corners of … plaintiff's complaint" and no federal law is substantially in dispute or preempts plaintiff's state-law claims, plaintiff argues that remand is warranted. (*Id.* pp. 23–27 (quoting *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F.Supp.2d 624, 633 (D.N.J. 2009).)

In contrast, defendants argue that this Court has jurisdiction over this action pursuant to the substantial federal question doctrine, complete preemption doctrine, and the federal officer removal statute. (ECF No. 19 pp. 21–24.)[5] Although defendants concede that plaintiff raises no federal claims on the face of its complaint, defendants argue that plaintiff cannot "disguise[e] [the] federal nature" of its claims to avoid federal jurisdiction. (*Id.* pp. 19, 20.) Defendants note that plaintiff's "claims for cleanup of allegedly hazardous substances brought pursuant to the … Spill Act are inextricably tied to CERCLA." (*Id.* p. 22.) Since these claims "dispute, circumvent, and contravene CERCLA's comprehensive scheme … at an area over which the EPA has authority," defendants argue that CERCLA preempts plaintiff's state law claims. (*Id.* pp. 22, 23.) Furthermore, defendants argue that because plaintiff's demand for monetary damages and injunctive relief is related to "the adequacy of th[e] soon-to-be-imposed remedy by the EPA," this "matter [is] squarely within federal jurisdiction." (*Id.* p. 23.)

## DISCUSSION AND ANALYSIS

"[D]efendants may generally remove civil actions from state court to federal court so long as the district court would have had subject[]matter jurisdiction had

---

[5] Defendants identify the complete preemption doctrine and the federal officer removal statute as bases for federal jurisdiction for the first time in their opposition to the Motion. Defendants, while recognizing that the notice of removal does not reference the federal officer removal statute, argue that because this basis for jurisdiction was identified "upon receipt of [a] correspondence from the EPA" after the timely removal of this matter, they are permitted to supplement their grounds for removal through their opposition to the Motion. (*Id.* p. 31 n. 6.) Defendants do not address why the complete preemption doctrine was not raised in the notice of removal.

4

the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014); *see also* 28 U.S.C. §1441(a) (providing that "[e]xcept as … provided by … Congress, any civil action brought in a [s]tate court of which the district courts … have original jurisdiction[] may be removed"). As such, federal courts "are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Accordingly, in deciding a motion to remand, the removing party has the burden of showing the propriety of removal by establishing the existence of federal subject matter jurisdiction." *New Jersey v. City of Wildwood*, 22 F.Supp. 2d 395, 400 (D.N.J. 1998).

## I. THE SUBSTANTIAL FEDERAL QUESTION DOCTRINE

Under the substantial federal question doctrine, a federal court may exercise jurisdiction over a state law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by [C]ongress." *Peniston v. Medtronic, Inc.*, No. 18-13533, 2020 WL 401871, at *3 (D.N.J. Jan. 24, 2020) (quoting *Rutgers, The State Univ. v. BioArray Sols., Ltd.*, No. 16-04183, 2017 WL 1395486, at *4 (D.N.J. Apr. 18, 2017)).

For a federal issue to be necessarily raised, "vindication of a right under state law [must] necessarily turn[] on some construction of federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 436 U.S. 1, 9 (1983)). In other words, "a determination of federal law [must be] an essential element of the plaintiff's state law claim." *Id.*

Federal jurisdiction extends "over all 'challenges' to CERCLA cleanups." *N. Penn Water Auth. v. Bae Sys.*, No. 04-05030, 2005 WL 1279091, at *8 (E.D. Pa. May 25, 2005) (quoting *ARCO Env't Remediations, L.L.C. v. Dep't of Health &*

5

*Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000)). "An action constitutes a challenge to CERCLA if it is related to the goals of the cleanup." *Id.* (quoting *ARCO Env't Remediations, L.L.C.*, 213 F.3d at 1115). Examples of such challenges include a plaintiff's request "to dictate specific remedial actions, to postpone the cleanup, to impose additional reporting requirements on the cleanup, or to terminate … and alter the method and order of cleanup." *Id.* (quoting *ARCO Env't Remediations, L.L.C.*, 213 F.3d at 1117).

Here, I find that defendants fail to establish how plaintiff's claims challenge CERCLA. Although defendants assert that plaintiff's "claims raise a controversy regarding the adequacy of th[e] soon-to-be-imposed remedy by the EPA," the EPA has yet to impose a remediation plan that plaintiff can challenge. (ECF No. 19 p.23; ECF No. 23 p.7.) Rather, plaintiff's claims are solely based on defendants' alleged breach of contract and unauthorized conduct at the Property.

The fact that the Property is the subject of CERCLA remediation is insufficient on its own to establish federal jurisdiction. *N.J. Dep't of Env't Prot. v. Minn. Mining & Mfg. Co.*, No. 06-02612, 2007 WL 2027916, at *4 (D.N.J. July 5, 2007) ("Even though [p]laintiffs' state law [c]omplaint presents a federal issue in the sense that their claims concern a federally-monitored contaminated site, it does not raise a dispute and substantial issue concerning CERCLA.") Therefore, in seeking a judgment "for damages, harms, injuries, costs of clean-up and remediation, injunctive relief, punitive damages, [and] attorneys' fees," plaintiff raises no dispute or substantial issue as to CERCLA. Accordingly, no federal question jurisdiction exists under the federal question doctrine to warrant this Court's jurisdiction over this action.

## II. THE COMPLETE PREEMPTION DOCTRINE

The complete preemption doctrine provides that "a state cause of action is 'really' a federal cause of action … if the 'federal cause of action completely

preempts … [the] state cause of action.'" *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir. 1994) (second and third alterations in original) (quoting *Franchise Tax Bd.* 436 U.S. at 24). In other words, "[c]omplete preemption is appropriate when … [a] state law is 'entirely displaced by federal law.'" *Caldwell Trucking PRP Grp. v. Caldwell Trucking Co., Inc.*, 154 F.Supp.2d 870, 875 (D.N.J. 2001) (quoting *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997)).

"Federal law may preempt state law by express provision or by provisions that evidence a congressional intent to occupy a field and leave no room for supplementary state regulation." *Manor Care, Inc. v. Yaskin*, 950 F.2d 122, 125 (3d Cir. 1991). However, as opposed to Congress intending CERCLA "to occupy the field of hazardous waste cleanup," Congress expressly stated that "[n]othing in [CERCLA] shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State." *Id.* (quoting 42 U.S.C. § 9614(a)) (finding no conflict between the cost recovery provisions of the Spill Act and CERCLA). Thus, "CERCLA allows for … state law claims," to proceed "concurrently with a CERCLA remediation plan." *N.J. Dep't of Env't Prot.*, 2007 WL 2027916, at *6.

Here, plaintiff is not seeking relief that challenges the future remediation plan and it does not wish to modify, supplement, or make any changes to the potential remediation plan. Hence, I find defendants' argument that plaintiff's claims conflict with the "soon-to-be-imposed remedy by the EPA" to be without merit.[6]

---

[6] Since defendants' assertion of the complete preemption doctrine as a basis for federal jurisdiction is without merit, no discussion as to whether defendants timely raised the complete preemption doctrine is necessary. *See MHA LLC v. HealthFirst Inc.*, 629 F.App'x 409, 412 (3d Cir. 2015) (holding that on a motion to remand "a defendant may not rely on an entirely new basis for jurisdiction not set forth in the removal petition").

7

### III. FEDERAL OFFICER REMOVAL STATUTE

The federal officer removal statute "provides federal jurisdiction over claims against the 'United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof sued in an individual capacity for any act under color of such office.'" *Atl. Shore Surgical Assocs., PC v. Aetna Life Ins. Co.*, No. 20-15622, 2021 WL 1381256, at *10 (D.N.J. Apr. 12, 2021) (quoting 28 U.S.C. §1442(a)(1)). "A defendant seeking removal pursuant to this statute must demonstrate that: '(1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed.'" *Id.* (quoting *Feidt v. Owens Corning Fiberglas Corp.,* 153 F.3d 124, 127 (3d Cir. 1998)). When the defendant is a private actor, that defendant "bear[s] a special burden" of "demonstrat[ing] that it performed the *complained-of activity* at the direction of official federal authority." *Id.* at 10–11 (quoting *Orthopedic Specialists v. Horizon Blue Cross/Blue Shield*, 518 F.Supp.2d 128, 133–34 (D.N.J. 2007)).

Given that the EPA has yet to implement a remediation plan, defendants could not have performed their alleged wrongdoings at the direction of the EPA. Furthermore, in treating as true plaintiff's allegation that defendants actively ignored the EPA's directions (*see* ECF No. 1-1 ¶¶43, 51, 52, 55–57), I find that defendants acted pursuant to their own volition. Assuming *arguendo* that defendants timely raised the federal officer removal statute as a basis for jurisdiction, I find that defendants fail to establish jurisdiction pursuant to the federal officer removal statute.

### IV. SUPPLEMENTAL JURISDICTION

Since I find that this Court cannot exercise jurisdiction over plaintiff's claims, defendants' argument that this Court can also exercise supplemental

jurisdiction fails. *See* 28 U.S.C. §1367. Although defendants' counterclaims against plaintiff are based upon federal law, "the existence of a federal defense to plaintiff's claims is insufficient to confer federal question jurisdiction and defeat a motion to remand." *City of Wildwood*, 22 F.Supp. 2d at 400; *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) (holding that "[u]nder our precedent construing §1331, … counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance").

## V.    ATTORNEY'S FEES AND COSTS

Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court will award costs and fees to the party seeking remand "where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." *Gloucester Cnty. Improvement Auth. v. Gallenthin Realty Dev., Inc.*, No. 07-05328, 2008 WL 336784 (D.N.J. Feb 5, 2008) (quoting *Newton v. Tavani*, 962 F.Supp. 45, 48 (D.N.J. 1997)).

Given that a court "has broad discretion and may be flexible in determining whether to require the payment of fees" and costs, I find that the removal was not objectively unreasonable. *Stepnosky v. Silgan Holdings, Inc.*, No. 21-00319, 2021 WL 2802473, at *7 (D.N.J. July 2, 2021) (quoting *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)). Although I am not persuaded by defendants' arguments or positions raised in their opposition to the Motion, I do not recommend an award of attorney's fees or costs.

## RECOMMENDATION AND ORDER

I issue this report and recommendation based upon my review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). For the reasons stated above, it is:

1. **RECOMMENDED** that the Motion be **GRANTED** to the extent it seeks a remand of this action to State Court and be **DENIED** to the extent it seeks an award of fees and costs.

2. **ORDERED** that the Clerk of the Court administratively terminate the Motion at **ECF No. 12** pending the review of this report and recommendation.

3. **ORDERED** that the Clerk of the Court activate this report and recommendation to indicate that it requires further action by the District Judge.

4. **ORDERED** that the parties have **14 days** to file any objections to this report and recommendation pursuant to Local Civil Rule 72.1(c)(2).

                                           */s/ Edward S. Kiel*
                                           **EDWARD S. KIEL**
                                           **UNITED STATES MAGISTRATE JUDGE**

Date:   February 22, 2022